By the Court.
We hold: First. That the facts alleged in the complaint and admitted by the demurrer to be true, establish that the loss, at the time the abandonment was made, was constructively total.
Second. That a person insured on receiving information of facts which, if true, make it highly probable that a constructive total loss had occurred, has a right to give notice of an election to abandon. And that an abandonment valid in other respects and authorized by the facts existing at the time, is sufficient when made on such information. That it is not essential to a valid abandonment, that the assured should have information of facts which, if true, would make the inference, that a constructive total loss had occurred, necessary and unavoidable, it is enough that they render such a result highly probable.
*103 Third. The notice in question states truly as the cause of the loss, a peril insured against and such information as to the nature and extent of the damage as rendered the inference of a constructive total loss highly probable, and abandons absolutely and without any qualification or condition.
Fourth. The complaint imports that the assured at the time of abandoning had information of the nature, and as specific as that communicated by the notice of abandonment. The abandonment set forth in the complaint is, therefore, sufficient, and the order appealed from must be reversed and judgment entered in favor of the plaintiffs, with liberty to the defendants to answer on payment of the costs of the demurrer, and $10 costs of this appeal.